Welcome to the Fourth Circuit. We are ready to hear argument in our first case, United Therapeutics Corporation v. Commissioner of Internal Revenue. Mr. Dupree. Thank you, Judge Thacker. Tom Dupree on behalf of the petitioner, United Therapeutics, and may it please the Court. Congress enacted the tax credits at issue in this appeal to encourage investment in scientific and medical research, including investment into orphan drugs, which are drugs used to treat rare or unusual diseases or conditions. United Therapeutics took Congress at its word and invested heavily in this exact type of research, relying on the plain text of the tax code and the plain text of the— But now you can still get a tax credit, can't you, just not as much as you would have liked? In this case, yes, Your Honor. We're disputing the precise extent of the tax credit, our research tax credit. The IRS— So looking at this statute, it doesn't define base research expenses any longer, which I know is your issue. But ordinarily when a statute doesn't define something, we look at the ordinary meaning, correct? The general rule is if there's not a statutory definition, in many cases, that's right. And there's not a statutory definition here, so why don't we just look at the ordinary meaning? Well, a few points, Your Honor. One point is that there is a statutory definition for base period. This is the approach that the tax court did, where the tax court said, to your point, said there's no definition in the statute, and so I'm going to infuse the ordinary meaning. And we think in that respect, Your Honor, the tax court erred, because in fact the statute does contain a definition for base period. Just so I understand your argument, and I want you to finish responding to Judge Thacker. So you don't dispute that if we do a plain meaning reading of base period, the tax court is right. It means a period of time that you're using as a point of reference for comparison to another time, and then the relevant provision, the three-year period from 41C5A, would count. Well, not quite, Your Honor. In other words, we still would... So you think the plain meaning is something other than a point of reference being used to compare across times? Right. I guess even if we were to lose or concede that point, I think we still would press our arguments that the IRS is bound by its own regulation, which takes a different view. But do you agree or disagree with the tax court's understanding of what the plain meaning of base period is? Well, I want to make sure I answer that precisely. We disagree with the tax court's decision to infuse it with plain meaning. Understood. I get the point. So your whole argument turns... I'm just trying to clear away things that are not in dispute. No one is disputing the plain meaning of base period. You have several arguments for why the plain meaning should not control. That's correct. And we're not challenging that piece of it. I'm sorry. I thought this was going to be a much quicker question. Sorry. I appreciate that. No, that was helpful. But, Judge Thacker, to return to Your Honor's question, where we think the tax court went awry is in infusing that term, base period, with plain meaning, because Congress did provide a statutory definition in Section 41 of base period. That Section 41... But didn't Congress specifically say that definition applies only for that subsection? Well, it did judge Rushing, but in many respects, that's our point. In other words, the term base period only appears in that subsection. That's why Congress confined the definition to that subsection. It said base period... So that means we shouldn't look at that definition. Well, no, Your Honor. What it means is it means that the tax court had no basis for saying I am giving base period a plain meaning definition because there was, in fact, a statutory definition of that term. And to Your Honor's point, that statutory definition made abundantly clear that base period was a concept only applicable... So you're saying if Congress defines a term in one section and says this definition doesn't apply in other sections, then that means anywhere else where Congress uses those words, we just read them out of the statute? What do we do with them when they appear in other places? That's the point, Your Honor, where you say where it appears in other places. It doesn't appear in other places. That's our point. It only appears in that subsection concerning basic research. I can read those words are in the subsection that matters. Now, you say it's not its own special term, I guess, is your point, right? Our point is that the tax court took on this plain meaning analysis based on the incorrect premise that the statute did not define base period. That's where he went wrong. It does define base period. Not for purposes of this subsection? Well, no. Actually, no. Because the subsection that we're talking about, this is the one concerning basic research, which, again, is not something that we're claiming here. That's the only section, only subsection, of Section 41 that uses the term base period. But 45cc uses the term, and so Judge Rushing's question is, if that same term is defined elsewhere with language saying this definition only applies elsewhere, does that mean that if it appears somewhere else, like here in 45cc, we just read it out of the statute? Well, but it applies somewhere else. It would have to apply somewhere else in Section 41. That's the research credit that we're claiming here. In other words... But what we're talking about here is the provision that matters says base period research expenses. We have to figure out what that means. Sure. And it's not defined in the statute anywhere, any part of that. The part that defines base period is applicable to a different statute. So in that circumstance, we've been told to look at the plain meaning of those words, right? Well, no, Your Honor. And the reason why is because what Congress said in the definition where it defined base period for purposes of the basic research credit is it said, here is the specific meaning we're giving it. And you're right. It said that only applies to this particular section. If we were in a universe where the words base period applied in other sections of 41, then I think Your Honor's point would have more force because you could say, well, we're only confined by this definitional meaning to this particular subsection. But look, here it appears elsewhere in the statute, and here it appears in here. That's not this case. The only place Your Honor is going to find base period... No, but what Judge Rushing is talking about is basic statutory interpretation that we started with. If the statute doesn't define a particular term, we give it its plain ordinary meaning, don't we? Didn't we learn that in law school? And I'm not quarreling with that principle, Your Honor. You've accurately stated the normal thing that judges do if it is undefined. But then why are we going askew here? Because the statute does define it. Because what? The statute does define base period. It does define base period, and it makes clear that base period only applies to this particular subsection. That's the issue. It doesn't say that. It doesn't say, this is the definition that only applies here, and any other place that this term appears in the U.S. Code shall be disregarded. That's your argument. But here's the thing. It doesn't say it anywhere else in the code. That's the point. In other words, this argument would have force. I mean, it's here. It's page 30 of your addendum. Base period, research, expenses. Correct. We have to interpret those words. So when you say it doesn't appear anywhere else, that's just wrong. No, no, no. You might want to move on to a more persuasive argument. Well, anywhere else in Section 41, Your Honor. That's the tax. That's the research tax credit. Anywhere else in Section 41. That provision Your Honor quoted, that's Section 45C. That's the one for the orphan tax credit. That's the one that matters here, right? That's the one that talks about the specific relationship between the orphan tax credit and this qualified research expense. Right. And it says when you're calculating base period for purposes of Section 41, this is how you treat it. And our point is, Section 41 then contains a definition of base period that is confined to that single section. Right. It says 41 within the meaning of 41B. Right. And that's the, again, that's our point, Your Honor. And I'll move on. But our point is simply that base period only appears in the context of that one particular subsection. And so there's no basis for giving it a plain meaning reading as applied to the other subsections because the words don't appear in those other subsections. That's our point. But let me move on to, if I could, the regulatory argument because it is independent of what we've just been discussing. The regulatory argument, Your Honor, is simply that the IRS has set forth its definition of base period research expenses by regulation and made clear that that applies to the pre-1990 world before Congress enacted the overhaul of the research credit. Congress, excuse me. Can I ask you a question about the regulatory argument just so I understand the premise? Sure. I think the premise, right, is that for us to rely on this agency redesignation, and I'm assuming now that it means what you say it means, for us to rely on that, we'd need some ambiguity in the statute, right? Because an agency can't just say, from now on, this term of the statute is inoperative. Do we need an ambiguity? You know, I guess I'm not sure that you would. Certainly, if you have an ambiguity, then I think this would become very, very easy. Read that page 18 says there is an ambiguity, which is why we're relying on this regulation and that the ambiguity was created when Congress repealed the base period research expenses from Section 41, but left it in place in 45C. That's what creates the ambiguity. And I'm trying to figure out what is ambiguous about that. Congress took it out of 41, but it left it in 45C. Doesn't that mean, like, I don't see how that creates an ambiguity, unless  Well, I guess our view, actually, is that there's not an ambiguity, but we would win under the plain language. In other words, they said in 45C.C.2, the base period research expenses provision, they said, this is how you calculate your research tax credit. Oh, I'm sorry. You called it a potential ambiguity. Is that what I'm missing? Your brief says it's a potential ambiguity. Right. And we say potential because the government has argued that it's ambiguous. I'm saying, look, at the end of the day, I don't think it matters one way or the other. Well, if it's not ambiguous, if 45C has, you know, the term remains in 45C, and it has an obvious plain meaning that leads to non-absurd results, why does it matter what an agency said? Well, because agencies are bound by their own regulation. And if the agency has issued regulations that construe the statute, that direct and guide taxpayers how to conform their conduct. But if I think the statute has a non-ambiguous plain meaning, like, I don't understand. Does an agency have the authority to just come to a different result? Well, I mean, if someone were to challenge this under, say, Chevron, the answer would probably be no. I'm certain it would be no. Right. But here, no one's challenging the validity or legitimacy of this regulation. But your argument is not that the regulation correctly interprets the statute. It's that whether or not it is a correct interpretation of the statute, the government is bound by it and can't take a different litigating position? That's your argument? Well, yes. In other words, our argument is that the government is bound by its own regulation, and we think that these regulations are abundantly clear, that you do not calculate base period research expenses for post-1990 tax returns. That is the only possible rational reading of the agency's regulations. And so under the general principle that agencies are bound by their regulations, which no one contests here, we think we win under the plain meaning of the IRS's regulations. I see my time has expired on opening, so I'll reserve the remainder for rebuttal. All right. Thank you. We'll hear from Ms. Wong. Good morning. Cheryl Wong for the Commissioner. May it please the Court. The tax court's approach to 45C.C.2 is the most straightforward and the correct approach. The term base period research expenses was undefined in the 2014 version of the Code, and the term base period was only defined for Section 41E, which is not applicable to this case. Either way, we have an undefined term. And the tax court went to the next logical step, which is to look at the ordinary meaning of the term base period, given that what is research expenses is undisputed. And that definition is a period of time used as a standard for comparison. And applied here, that base period is a three-year period immediately before 2014. And that means United Therapeutics must include its clinical testing expenses and its qualified research expenses for 2011 through 2013. And that would give us an accurate amount of the increase. What about opposing counsel's argument that the agency must be bound by its own regulation and that the regulation says otherwise in his view? Well, we are bound by the heading of that regulation as well, which plainly says it's only applicable to tax years before 1990. And that is the most straightforward interpretation of those words. And that interpretation will also give us the accurate amount of the increase between 2014 and the prior three years and prevent an improperly inflated credit. Can I ask you a slightly conceptual question? So is your position that the reference to base period research expenses in 45C always referred to this kind of generic plain meaning point of comparison definition? Or is it that it originally referred to that term as kind of a term of art, a statutorily defined term as it was used before the 1989 repeal, and now it means something different? Right, Yaran is correct. Before 1989, it was a defined term, base period research expenses, in the statute as well as the regulation before 1990. So it changed meaning like the same words as they're used in 45C. They meant one thing before 1989, and they mean something else after 1989? Right, Congress decided to take that definition out of the tax code in its 1989 overhaul, and it had many, many opportunities decades after that to add a definition, to define it, to amend it, however, but it never did. So you think what happened is that in 1989, Congress made a decision, we're going to take out the statutory definition for this term, but we'll leave it in, and now we want it to mean something else, any kind of point of comparison. That would be the most plausible way to look at it. Right. And to go back to the regulation, it says nothing about Section 45C in 2014. And United Therapeutics' argument, as we understand it, it essentially says 45C, C2, does not apply after 1989, and we definitely did not try to do that at the IRS, and Congress has not done that. And the Section 41E7B argument, that fails for similar reasons. As your Honors have noted, 41E7 says plainly for purposes of this subsection, that base period definition only applies for Section 41. And since it's undisputed that United Therapeutics' claim here does not involve Section 41, we just set that subsection aside, and that's the end of the story. Can I ask just a technical question? Yes. I'm not that familiar with these provisions of the tax code. Section 41E that has the definition of base period, does 45C ever apply to 41A basic research credits? I would say no. And we made the argument that 41A1 and A2 are separate. That's a very short subsection, fortunately. 41A has one, two, and three. And 41A1 and A2 are separate. And our argument is that 45C, C2, because it refers specifically to qualified research expenses as a defined term, that falls under 41A1. And I note that in the reply brief, United Therapeutics made the argument that, well, 41A1 and A2 are not that separate because of 41E1B. Well, that doesn't deal with their central problem, which is the language for purposes of this subsection. That doesn't go away. And I also want to address the argument that United Therapeutics made that the second reference to Section 41 is unnecessary, while there was a first reference to Section 41B in Section 45C, C2. But then if you look at the heading of Section 45C, subsection C, that whole subsection deals with Section 41, coordination with Section 41. So you can also make the argument that the first reference to Section 41B is also unnecessary. And that really just underscores the point that base period research expenses is not a defined term. And finally, I come to the consistency rule. The tax court's interpretation does not violate the consistency rule because those two provisions, the consistency rule under Section 41 and Section 45C, subsection C, deal with two different questions. Section 41, the consistency rule, talks about what counts as qualified research expenses in the event that the definition of qualified research expenses have changed between the current year, the year for which the credit is claimed, and base years. And in that event, the credit year definition controls. Now, 45C, subsection C, actually deals with to what extent the undisputed qualified research expenses that are also qualified clinical testing expenses should be taken into account. So there are two different steps. The consistency rule under Section 41 is the first step. And when we already agree on what are qualified research expenses, then we go to Section 45C, subsection C, if needed. Can I ask you about that? Yes. There's a consistency rule in the statute, and then there's also a consistency rule regulation. Are those the same, or do they have different meanings? They don't have different meanings. Okay. The regulation has interpreted the statutory consistency rule as the definitions of qualified research expenses have to be the same between the credit year and the prior years. Am I right in recalling the regulation expands what the consistency rule applies to in terms of applying it to more than just one initial statutory subsection? Is that right? Yes. That's 1.41-9, which applies to the alternative simplified method here. But you think it's applying the same consistency rule just to other methods? Yes. Correct. Because the statutory consistency rule does not apply to the alternative simplified method. So the commissioner promulgated 1.41-9, which extends the statutory consistency rule to the alternative simplified method. So, yes, to expand on that point, the regulation is the only one that applies here because we have the alternative simplified method. So, also, to finish on what I was saying, because the statutory consistency rule and 45C, subsection C, apply to talk about two different situations, there is no inconsistency at all. And, again, United Therapeutics' argument really essentially says 45C, C2, doesn't apply anymore after 1989 when the consistency rule was enacted. And that structure under subsection C, C1 and C2, has been in place since 1983 when orphan drug credit was introduced. And there is no evidence that Congress intended to upset that structure. So we shouldn't take out either paragraph under subsection C, and we should give credit, give effect to both. So, to sum up, base period in section 45C, C2, was undefined in 2014. Its ordinary meaning requires United Therapeutics to include its qualified clinical testing expenses in its 2011 through 2013 section 41 qualified research expenses. That is the simplest and the correct way to read section 45C, C2. And the result gives us an accurate amount of increase in research expenses and the correct amount of the section 41 credit. And for those reasons, we ask the Court to affirm. Thank you. Thank you. Mr. Dupree. Let me turn directly to our third argument, which is the consistency rule, which Judge Rushing was just asking about. I think that my friend made an important concession when she said that the statutory consistency rule is the same, substantively, as the regulatory consistency rules. And I think that the consistency rule actually does give this Court a very easy, elegant way of resolving this case that doesn't require unpacking the somewhat complicated statutory questions and statutory history questions we've been discussing. As the Court knows, the statutory consistency rule is very simple and straightforward. It says that you calculate prior year tax expenses for purposes of research expenses, the research credit. You calculate the prior years on the same basis as you do the current years. Our approach, in which we say that the clinical expenses need to be excluded from both past years and current years, that is consistent. The government is urging inconsistency. The government's position, as the Court knows, is that, well, yes, you exclude them from current year, but you don't exclude them from past years. Can I ask what I'm pretty sure is a dumb question, but you can set me straight? If I read the consistency rule the same way you do, how do I know which of the two hypothetically inconsistent provisions of C I'm supposed to strike out and which one I'm supposed to apply? Do you know what I'm saying? Yes, because the starting point for that is 45C.C.1, which is the general rule of exclusion. Because one is a general and one is an exception, you're saying? Correct. Right. So in other words, what I wanted to apply is the general rule and not the exception? Right. In other words, it's common ground and absolutely undisputed in this case that C I, the general rule, that you don't count qualified clinical testing expenses in your current year determination. You exclude those. That's common ground. There's no dispute about that. We all agree with that. The disputed question in this case... Okay. I think I understand what you're saying, but just the fact that the parties are arguing from the premise that one is right and two is the thing that's contested, I still think if we adopt your reading of the consistency rule, we're left with the question of, well, okay, which one of these would Congress have cared about more? Well, I think I wouldn't quite put it that way, Your Honor, because, again, I think I would start with the, again, undisputed predicate that you don't count for current years. I understand it's undisputed between the parties in this case given the way the arguments have unfolded, but how is it undisputed out in the world? Well, I would say just the statutory language is abundantly clear. Because one is in general and then one is... Right. We all agree what to do with the current year. The question is what do you do with the past year? We're urging consistency. That's our position. The government is urging inconsistency. That's why they're wrong. If this Court were to adopt the IRS's view, it's undisputed. There would be inconsistency between current year and past year determinations. And I think just to kind of pull it all together, I think that the consistency rule actually gives a lot of insight into what Congress was actually thinking back in 1989 when it overhauled the research credit, deleted base period research expenses and all of that. It not only deleted base period research expenses, but that's when it put in the consistency rule to say that, look, you need to approach past and current years the same way. That's the rule. That governs this case. And as I said, if the Court were to rule in our favour on the basis of the consistency rule, there's no need to dive into the complicated questions that we've been discussing today. I think that actually provides a very quick, easy, elegant answer and a proper way of resolving this case. If there are no further questions from the panel, we respectfully ask that the judgment blow be reversed. All right. Thank you. Thank you both for your arguments. We'll come down and greet counsel and go on to our second case.
judges: Stephanie D. Thacker, Pamela A. Harris, Allison J. Rushing